IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY A. CARPENTER, | No. C 08-1199 WHA (PR) |
|     Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
|     v. | |
| Warden ORNOSKI, | |
|     Respondent.     / | |

This is a habeas corpus case filed by a state prisoner pursuant to 28 U.S.C. 2254. The petition is directed to denial of parole.

The court ordered respondent to show cause why the writ should not be granted. Respondent has filed an answer and a memorandum of points and authorities in support of it, and has lodged exhibits with the court. Petitioner has responded with a traverse. For the reasons set forth below, the petition is **DENIED**.

## STATEMENT

In 1978 a jury convicted petitioner of first degree murder while armed with a deadly weapon (Exh. A).[1] He was sentenced to a term of seven years to life in state prison (*ibid.*). At his 2006 parole hearing the California Board of Parole Hearings (the "Board") found him unsuitable for parole (Exh. D at 63). That hearing is the subject of this petition. Petitioner has exhausted his claims by way of state habeas petitions.

---

[1] Citations to "Exh." are to the exhibits in the record attached to respondent's answer.

**DISCUSSION**

**A.   STANDARD OF REVIEW**

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falls under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. *See id.* at 409.

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." *Miller-El*, 537 U.S. at 340. This presumption is not altered by the fact that the finding was made by a state court of appeals, rather than by a state trial court. *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981); *Bragg v. Galaza*, 242 F.3d 1082,

2

1087 (9th Cir.), *amended*, 253 F.3d 1150 (9th Cir. 2001).  A petitioner must present clear and convincing evidence to overcome § 2254(e)(1)'s presumption of correctness; conclusory assertions will not do.  *Id.*

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000).

**B.    ISSUES PRESENTED**

   **1.    RESPONDENT'S ISSUES**

In order to preserve the issues for appeal respondent argues that California prisoners have no liberty interest in parole, and that if they do, the only due process protections available are a right to be heard and a right to be informed of the basis for the denial – that is, respondent contends there is no due process right to have the result supported by sufficient evidence. Because these contentions are contrary to Ninth Circuit law, they are without merit. *See Irons v. Carey*, 479 F.3d 658, 662 (9th Cir. 2007) (applying "some evidence" standard used for disciplinary hearings as outlined in *Superintendent v. Hill*, 472 U.S. 445-455 (1985)); *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123, 1128-29 (9th Cir. 2006) (the some evidence standard identified in *Hill* is clearly established federal law in the parole context for purposes of § 2254(d)); *McQuillion v. Duncan*, 306 F.3d 895, 902 (9th Cir. 2002) ("California's parole scheme gives rise to a cognizable liberty interest in release on parole.").

   **2.    PETITIONER'S CLAIMS**

In 1978, when he was eighteen, petitioner murdered a next door neighbor because she was meddling in his family's affairs, encouraging his mother to separate from his stepfather (Exh. B at 1; Exh. D at 14).  He told the victim he needed to use the phone, then after she let him into the house, punched her, got a butcher's knife from the kitchen and stabbed her

3

1 repeatedly in the chest, tried to smother her with a small area rug, then pulled the knife out of
2 her chest and stabbed her in the neck, killing her (Exh. D at 7-9). He was intoxicated on
3 alcohol and drugs at the time (*id.* at 15).

As grounds for federal habeas relief, petitioner asserts that: (1) his due process rights were denied when the Board denied parole based on the circumstances of his thirty-year-old crime; (2) the Board did not give "actual" consideration to the evidence, showing that it was biased; and (3) the "some evidence" standard does not satisfy due process.

### a.   "*Biggs* Claim"

In a line of relatively recent cases the Ninth Circuit has discussed the constitutionality of denying parole when the only basis for denial is the circumstances of the offense. *See Hayward v. Marshall*, 512 F.3d 536, (9th Cir. 2008); *Irons v. Carey*, 505 F.3d 846, 852-54 (9th Cir. 2007); *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123, 1129 (9th Cir. 2006); *Biggs v. Terhune*, 334 F.3d 910, 915-17 (9th Cir. 2003).

In *Biggs* the court said that it might violate due process if the Board were to continue to deny parole to a prisoner because of the facts of his or her offense and in the face of evidence of rehabilitation. 334 F.3d at 916-17. No legal rationale for this statement was provided, and it was unclear whether the court was suggesting that the continued denial of parole would be a new sort of due process violation or whether it was simply expressing the thought that with the passage of time the nature of the offense could cease to be "some evidence" that the prisoner would be a danger if paroled.[2] This ambiguity was helpfully cleared up in *Irons*, where the court clearly treated a "some evidence" claim as different from a "*Biggs* claim." *Irons*, 505 F.3d at 853-54. It appears, putting together the brief discussions in *Biggs* and *Irons*, that the court meant that at some point denial of parole based on long-ago and unchangeable factors, when overwhelmed with positive evidence of rehabilitation, would be fundamentally unfair and violate due process.

---

[2] The Supreme Court has clearly established that a parole board's decision deprives a prisoner of due process if the board's decision is not supported by "some evidence in the record," or is "otherwise arbitrary." *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123, 1129 (9th Cir. 2006) (adopting "some evidence" standard for disciplinary hearings outlined in *Superintendent v. Hill*, 472 U.S. 445, 454-55 (1985).

4

As the dissenters from denial of rehearing *en banc* in *Irons* point out, in the Ninth Circuit what otherwise might be dictum is controlling authority if the issue was presented and decided, even if not strictly "necessary" to the decision. *Irons v. Carey*, 506 F.3d 951, 952 (9th Cir. 2007) (dissent from denial of rehearing *en banc*) (citing and discussing *Barapind v. Enomoto*, 400 F.3d 744, 751 n. 8 (9th Cir. 2005)). Depending on whether the discussion of dictum in the dissent from denial of rehearing *en banc* in *Irons* is correct, it thus may be that the Ninth Circuit has recognized that due process right, which for convenience will be referred to in this opinion as a "*Biggs* claim." Here, petitioner's first issue is a "*Biggs* claim," in that he contends that simply using the circumstances of his offense as grounds for a successive denial violates due process.

Petitioner has failed to establish the predicate for his *Biggs* claim. Petitioner's parole was not denied solely because of the circumstances of his offense, but also because of his failure to adequately participate in self-help programs (Exh. D at 70-72), the somewhat unfavorable psychological report (*id.* at 72); and his prison disciplinary history, including drug use in prison eight years before the hearing (*id.* at 16, 75). The *Biggs* claim thus is without merit.

### b.  Board Bias

Petitioner contends that the Board merely went through the motions of considering the evidence before it, but did not "actually" consider all of the relevant information, thus showing its bias against him. He has not, however, provided any evidence that would prove this. He contends that the factors set out by the Board as grounds for denial and listed in the paragraph above are "boilerplate," but there is evidence in the record to support them (*id.* at 41-43 (consistent attendance at Narcotics Anonymous only last three years); 24-25 (psychological report, including concern about possible substance abuse relapse; 16, 20, 25-27 (use of heroin in prison eight years before hearing and disciplinary history), and nothing to show that the Board was disingenuous when it purported to base its decision on those factors and on the heinousness of petitioner's offense. Petitioner has failed to establish the factual basis for this claim.

///

In addition, in his discussion of this issue petitioner contends that his equal protection rights were violated and that there was not "some evidence" to support the Board's decision, although he does not state them as separate claims. He has failed to point to other prisoners who were similarly-situated but were treated differently, and the evidence set out above regarding his disciplinary record and drug abuse problems is sufficient to constitute "some evidence." *See Sass*, 461 F.3d at 1129 (some evidence standard is minimal; purpose is to assure that "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary.") (quoting *Hill*, 472 U.S. at 457). These contentions are without merit.

### c. "Some Evidence" Standard

Petitioner argues that due process requires a "substantial evidence" standard for determining whether the evidence before the Board was sufficient to support the denial. The Ninth Circuit has, however, determined that "some evidence" is the correct standard, and that the some evidence standard is clearly established United States Supreme Court authority. *Sass*, 461 F.3d at 1128-29. This claim is without merit.

### CONCLUSION

Because none of petitioner's claims has merit, the state courts' rejections of them were not contrary to, or an unreasonable application of, clearly established Supreme Court authority The petition for a writ of habeas corpus is **DENIED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated:   September 30  , 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.08\CARPENTER1199.RUL.wpd